Fiore SMALDONE
v.
UNITED STATES of America.
No. 4763.

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1953.

A. X. Erickson and W. H. Erickson, Denver, Colo., for appellant.

Charles S. Vigil, U. S. Atty., and James Heyer, Asst. U. S. Atty., Denver, Colo., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

Bail reduced without written opinion.

---

Irene J. TWITTY and William Trent Malone, Appellants,
v.
UNITED STATES of America, Appellee.
No. 11750.

United States Court of Appeals
Sixth Circuit.

Oct. 15, 1953.

L. E. Gwinn and Thomas L. Robinson, Memphis, Tenn., for appellants.

Millsaps Fitzhugh, U. S. Atty., and Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., for appellee.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard on an appeal from an order of the district court denying a petition of sureties for costs to quash an execution issued for failure to pay the costs taxed by the district clerk; and it appearing that the sureties contend that the entire costs for witness fees paid out in the original action should not have been taxed against defendant Pearson whose conviction was affirmed on appeal because of the fact that a large amount of the costs in question were incurred with respect to other parties who were jointly tried with defendant Pearson but as to whom the convictions were reversed; and it appearing that, upon the petition of the sureties, the district court held that the witness fees for which the costs were taxed against defendant Pearson were for proper and necessary witnesses against the said defendant; that, by its provisions, the bond was conditioned upon the successful prosecution of the appeal on the part of all of the defendants, and that, since the appeal was not successfully prosecuted by defendant Pearson, the sureties became liable under the bond for the full amount of the costs in question; and there appearing no abuse of discretion or error of law on the part of the district court.

Now, therefore, it is ordered, adjudged, and decreed that the order of the district court be and is hereby affirmed.